RYAN, respondent, *v.* DUNPHY, appellant.

EVIDENCE — *Books of account — Memorandum books.*— To admit a
book of account as evidence, preliminary proof must show that it was
a book of original entries in which ordinary business transactions and
a course of dealing with various persons appear, entered at the time of
the transaction; also that the person making the entries kept true and
honest accounts; and the book itself should first be submitted to the
inspection of the court.

    A memorandum book with the entry of a single sale or transaction,
though such entry were made at the time of the transaction, is not such
an account book as the law contemplates; it should go no further than
to serve to refresh the witness' memory.

    Though the rule of the law regarding the interest of witnesses has
changed, the reason of the rule as to the admission of book evidence
remains the same.

*Appeal from Third District, Lewis and Clarke County.*

CHUMASERO & CHADWICK, for appellant.

    This action was commenced to recover the sum of
$323.70 upon a verbal agreement made with reference to
the sale of cattle, as alleged by the plaintiff in his com-
plaint.   Plaintiff claims that the defendant purchased an
undivided one-half interest in a band of cattle, and that
the defendant was to pay plaintiff the sum of $6,829.10,
to be secured by note and mortgage, and that in addition
thereto he was to pay plaintiff "a bonus" of thirty cents
per head; that such promise was verbal, and that no one
was present save the parties to the transaction, and that
said "bonus" amounted to the aforesaid sum of $323.70.

    Defendant admits the sale, avers that the note and

mortgage were duly executed and paid, but denies that there was any agreement or promise whatever whereby he agreed to pay any further or greater sum than $6,829.10, and denies that he promised to pay any bonus whatever.    Upon this issue a trial was had in the probate court of Lewis and Clarke county and judgment rendered in favor of defendant.    Plaintiff appeals to the district court, and there a verdict and judgment was rendered and entered for the plaintiff, and from this the defendant appeals to this court.    It will appear from the record in this case that plaintiff testified positively that such a parol contract was entered into, and defendant as positively testified that no such agreement or contract was made.    The plaintiff being called to testify in his own behalf, stated that such contract was made, giving the dates, terms, and all of the circumstances surrounding the transaction; not stating that his memory did not enable him to give all of the facts and circumstances surrounding the same, but minutely and particularly stating the same.    See Record, pp. 7–9.

After so testifying the witness produced a private memorandum book in which he claimed he had made a memorandum.    He had previously stated the transaction fully, and the reference to the memorandum book was not for the purpose of refreshing his recollection or memory, but was offered, read to the jury and received in evidence as independent, substantive and material evidence, notwithstanding the objection of the defendant to such reference, the reading of the same to the jury, and its admission in evidence.

This is the only point that appellant desires to submit to the court.    We claim that there is not a case bearing upon this question that would warrant the admission of such evidence.    It was not produced to refresh the memory of the witness, as he had already testified to all, and more, than the memorandum contained.    It was not a case where the party testifies that he has no recollection

of the transaction, but can testify that at the time of the transaction he knows he correctly made an entry of it in his books, or a memorandum thereof; then, as some authorities assert, in the latter case, the memorandum may be received in evidence; and in the former, when the witness' recollection may be at fault, or not clear, he may refer to the same, but the memorandum itself is not evidence. Take cases similar to the one at bar, where no one is present aside from the contracting parties. One asserts the existence of a contract, the other denies it.

What a door for fraud and perjury would be opened if a party could make an entry of what he claims to be the contract, go upon the witness stand and testify to all of the facts and circumstances entered in the memorandum, and then introduce his manufactured evidence in the form of a memorandum and claim that it made a preponderance of evidence in his favor, as was the fact in the case at bar. It is not claimed that this memorandum was ever read to the defendant, or that he had any knowledge thereof. He states emphatically that no such promise or agreement was entered into; and thereby completely puts this question in issue as to the existence of such a contract.

Authorities without limit might be introduced to show that our position is correct, and that error was committed by allowing the witness to refer to such memorandum after he had testified fully to the contract from his memory or recollection, and in allowing the same to be introduced in evidence. It may seem to be casting a reflection upon the court to refer to authorities in support of the propositions above stated, with which any law student is familiar, but will beg leave to refer to a few leading authorities. See 1 Wharton on Ev. secs. —— et seq.; 1 Greenl. on Ev. sec. 437 and note ; Abbott's Trial Ev. pp. 320–1; Meacham v. Pell, 51 Barb. 65; Russell v. Hudson River R. R. Co. 17 N. Y. 134; Marcly v. Shults, 29 N. Y. 346, 350–5; Dugan v. Mahony, 11 Allen, 572; Young v. Catlett, 6 Duer, 437.

Innumerable authorities could be added to those above cited, but we believe that it is unnecessary upon a proposition so just and reasonable, and supported by an undisputed array of authorities. It may be claimed by the respondent that this entry was authorized by the defendant; but this is refuted by the testimony, for defendant testifies that no such agreement was ever made; that he bought the interest of plaintiff in the cattle and gave the note and mortgage above mentioned. If defendant authorized anything to be entered in the memorandum, this amount of the purchase money is what was understood. The respondent does not say that, after making the memorandum, he read it over to the appellant, or that appellant was informed of its contents. Respondent could have written anything therein to support an unjust claim. And we find from the memorandum that he did make an entry, stating: "To 1,079 head of stock cattle at 30 cents per head. June 3, 1879." This was the date of the purchase. Why did he not enter the purchase price of $6,829.10 for which the note and mortgage were to be given? Clearly, he was endeavoring to perpetrate a fraud, and thought by writing this in his memorandum book he would make out a case by preponderance of evidence. But fortunately the law does not sanction such trickery.

This memorandum became of the greatest importance in the case, tried before a jury, but such temporary victory was gained by incompetent evidence being admitted.

Believing that this honorable court will not lose sight of what is competent evidence and what is not, we are satisfied that the judgment in this case will be reversed.

E. W. & J. K. TOOLE, for respondent.

1. Appellant's objections to the admission of the evidence complained of cannot be entertained. He should lay his finger upon the particular grounds of his objection and embrace it in his bill of exceptions. See Revised

Statutes of Montana, pp. 93, 94, secs. 281, 282; *Keller* v. *Kimbal,* 10 Cal. 267; *Fair* v. *Jackson,* 8 Johns. 496; *Jackson* v. *Caldwell,* 1 Cow. 622; *Whitesides* v. *Jackson,* 1 Wend. 418; *Walus* v. *Gilbert,* 2 Cush. 27; *Cleveland* v. *Tanner,* 7 Cal. 38, 289; *People* v. *Manning,* 48 Cal. 335; *People* v. *Lang,* 43 Cal. 444; 7 Nev. 377.

2. There is nothing in the point sought to be made, should the court be inclined to consider it. When the recollection of witnesses differ so widely as in this case, the memorandum of respondent, made then and there in the presence of appellant, is a part of the *res gestœ,* and admissible to strengthen the one side or the other.

*Marcly* v. *Shults,* 29 N. Y. 346 *et seq.,* and all the other authorities cited by appellant, do not militate against this position, but in the main support it. The following are directly in point under the facts in this case: *Reviere* v. *Powell,* 34 Am. Rep. 94; 22 N. Y. 462; 15 Wend. 599. See Record, p. 8; *a* Record, p. 8; *b* Record, pp. 9, 13.

REPLY OF APPELLANT.

The appellant, in reply to the brief of the respondent, states:

1st. As to the first point suggested in his brief, it is shown by the record that the appellant "did lay his finger" upon the point of his objection to the memorandum book produced by respondent, and more especially to strike the entry contained therein from the evidence. See p. 12 of transcript, lines 4, 5 and 6, which contain the following: "The defendant then moved to strike out and exclude the evidence" (relative to memoranda), "on the ground that the same was incompetent."

2d. As to the second point of respondent, that "when the recollection of witnesses differ so widely as in this case, the memorandum is part of the *res gestœ,*" no decision of any appellate court can be found in support of this, nor any work on evidence, where the witness has testified fully from his recollection, and not claiming that

his memory is at fault.   Mr. Wharton, in his valuable work on evidence, and other authorities cited by appellant in brief, fully substantiate this.

We find nothing farther in respondent's brief that demands any reply.

GALBRAITH, J.   The complaint in this action in substance alleges that the respondent, on the 2d of June, 1879, sold and delivered his interest in certain cattle to the appellant, in consideration of which the appellant executed his note and mortgage on the cattle to respondent, and in addition thereto agreed to pay on demand thirty cents a head upon the cattle, amounting to the sum of $323.20.

The answer of appellant admits the sale, and avers that the note and mortgage were executed and paid, but that the note and mortgage were the only consideration for the interest in the cattle, and denies that he promised to pay any additional sum whatever.

Upon the trial, which was to a jury, a certain memorandum book and entry therein were admitted in evidence. The entry was as follows: " To 1,079 head of stock cattle at 30 cents per head.   June 3, 1879."

This evidence the appellant moved to strike out on the ground of incompetency.   The court overruled the objection, to which ruling the appellant excepted.

It will be observed that the objection is made on the ground of incompetency.   The point of the exception is therefore particularly stated as required by the Code of Civil Procedure.   The exception is not, therefore, subject to the criticism made in the argument of respondent, that the point of the exception is not particularly stated.

The next and only question presented for our consideration is whether or not the above entry was properly admitted in evidence.   Before the memorandum book and entry were admitted, the respondent testified particularly and positively as to the terms of the contract, without

reference to the book for any purpose. He then stated that at the time of the agreement, on the 3d of June, he made an entry in a memorandum book of the transaction. On the 3d of June, 1879, I demanded the cash payment that was to be paid as a bonus. Defendant said, "You need not be in such a hurry about it." I then took out my book and said to him, "Shall I make an entry of it?" He said, "Yes, make a minute of it;" and I then did so, and this is the entry so made. The memorandum book and entry therein was then given in evidence.

The defendant testified: "that he bought the cattle on the 3d of June, but that he did not agree at any time to pay plaintiff thirty cents per head additional to the note and mortgage. That prior to the final agreement there was talk about his paying plaintiff thirty cents per head, but no agreement was made, and that, when the agreement was finally consummated, nothing whatever was said about an addition of thirty cents per head, and that the whole sum he did agree to pay was included in the note and mortgage."

It will be observed that no foundation was laid for the introduction of the book by any preliminary proof that it was the respondent's book of original entries. It does not appear that the book was submitted to the inspection of the court. It was not shown that it was a book in which the respondent kept an account of his ordinary business transactions, or a course of dealing with the respondent or other persons. A single sale or transaction entered in the book would not constitute it a book of original entries. Neither was there proof that the respondent kept true and honest accounts. To entitle the entry in the book to be read to the jury, the above matters of preliminary proof were essential. Abbott's Trial Evidence, p. 322 *et seq.*, notes, and cases cited; 1 Greenl. Ev.' (13th ed.) note 2 to sec. 118.

The rules of evidence authorizing the introduction of

books contemplate books of account, shop books, and books showing a regular course of dealing with other persons. But the book in question was simply a memorandum book, and, as its name imports, was intended, not for the purpose of entering charges and keeping accounts, but for making memoranda, to aid the memory of the owner. The witness did not require, as is evident from his testimony, the aid of the book to refresh his memory; and it is one of the requisites to authorize the admission of such books that it should appear that no better evidence was attainable. 1 Greenl. Ev. (13th ed.) sec. 117.

It is true that one of the grounds upon which such testimony is admissible, as is claimed in this case, is that the entry, being contemporaneous with the fact, is part of the *res gestœ.* But this is only one of the reasons for the introduction of such books. All the other requisites are essential as preliminary to its introduction. In this case only this single requisite is claimed to appear, and it is not of itself sufficient to authorize the admission of the entry. But it is by no means evident, from the testimony, that the entry was ever a part of the *res gestœ.* The appellant testifies that there was no such agreement, and therefore that no such entry was authorized by him. Whether or not, then, it was a part of the *res gestœ,* is a matter of doubt. The necessity which formerly seemed to require the admission of shop and account books does not now exist in so great a degree in relation to minute and bare transactions, as when the party was prohibited from testifying. He may now be a witness for himself, and refresh his memory from his books. It would seem, therefore, that the former rule in relation to book entries should not be relaxed.

To allow such an entry to be given in evidence, under the circumstances of this case, would afford an opportunity for imposture and fraud, which the policy of the law forbids us to encourage. Such a precedent would, we think, be neither safe nor salutary.

The court, therefore, erred in the admission of the evidence, and the error was prejudicial to the appellant.

The judgment is reversed and the cause remanded for a new trial.

*Judgment reversed.*

DISSENTING OPINION BY WADE, C. J.

I think a memorandum made by one party in the presence of the other, with his knowledge and consent, stating a transaction that has just taken place between the parties in their presence, forms part of the transaction itself, and is competent evidence; and the fact that the other party denies the transaction and the making of the memorandum does not affect the competency of the evidence, but the credibility of the witnesses.