## BROWN *v.* BENSON, receiver.

There being evidence from which the jury might have inferred that the plaintiff's woods were burned by a fire originating from sparks which escaped from a locomotive operated by a servant of the defendant, and ignited straw and other combustible material on the railroad right of way, and that the fire thus started burned continuously until it reached the plaintiff's land, it was error to grant a nonsuit.

April 27, 1896.  Argued at the last term.

Action for damages.    Before Judge Reese.    Hart superior court.    March term, 1895.

*O. C. Brown, J. H. Skelton* and *T. W. Rucker*, for plaintiff.    *A. G. McCurry*, for defendant.

SIMMONS, Chief Justice.

Brown sued Benson, receiver of the Hartwell Railroad Company, alleging, in brief, that on April 21, 1894, he was the owner and in possession of a certain tract of land in Hart county; that on that day, while defendant was operating the railroad, by reason of the violent puffing and condition of a locomotive engine running thereon, sparks were thrown out of the smoke-stack into a heavy growth of grass, weeds, etc., which the defendant negligently permitted to grow and accumulate on the railroad right of way, whereby said grass, etc., were ignited, and the wind blowing very hard, the fire spread thence to the adjoining lands until it reached the land of the plaintiff, and burned over 125 acres of his land, killing trees, etc.; that the engine was defective and dangerous, the spark-arrester being out of order and unfit for use, and the engine throwing sparks dangerously, which defendant knew or could have known by reasonable care, etc.

At the trial the plaintiff introduced witnesses who testified that at the time alleged, a train on the Hartwell Railroad passed the place where the fire appeared to originate; and within five or ten minutes after the train passed, smoke rose upon the railroad bed and right of way; that the wind was blowing hard, and blew the smoke from the smoke-stack of the engine down on the ground on the side where the fire originated; that the fire started in dead broom straw on the railroad bed and right of way, and spread to rotten cross-ties on the edge of the right of way, and thence extended to the plaintiff's land, burning his timber, etc.; that there was no fire at the point in question before the train passed; that the engine was going up grade, exhaust-

ing and throwing sparks; that the smoke-stack and spark-arrester of the engine were in a defective condition at the time, and had a short time before on different occasions thrown out sparks, causing fires. There was also evidence as to the extent of the pecuniary damage sustained by the plaintiff.

Under this evidence we think that the court erred in granting a nonsuit. It was argued that the burden was upon the plaintiff to show that the fire originated from the defendant's locomotive, and that the evidence did not show this, but showed merely that it might have come from that source. It was not necessary, however, that the cause of the fire should be shown by direct evidence. It could be shown by evidence wholly circumstantial. The evidence in this case showed a strong probability that the fire originated from the engine, and was sufficient to authorize the submission of the case to the jury. See *East Tenn., Va. & Ga. Ry. Co.* v. *Hesters,* 90 *Ga.* 11; 8 Am. & Eng. Enc. of Law, Fires by Railways, p. 7, and cases cited; 2 Shear. & Redf. on Neg. §675; Smith *v.* Ry. Co., L. R. 6 C. P. 14; Fremantle *v.* Ry. Co., 10 C. B. (N. S.), 89; Lackawanna etc. R. Co. *v.* Doak, 52 Pa. St. 379; Penn. R. Co. *v.* Stranahan, 79 Pa. St. 405; Kenney *v.* Railroad Co., 70 Mo. 243; Karsen *v.* Ry. Co., 29 Minn. 12; Woodson *v.* Ry. Co., 21 Minn. 60; Baltimore & Ohio R. Co. *v.* Shipley, 39 Md. 251. The case of *Inman* v. *Elberton Air-Line R. Co.,* 90 *Ga.* 663, relied on by counsel for the defendant in error, was very different in its facts from the present case. In that case it was not shown that the smoke-stack or spark-arrester of the locomotive was defective, and it was shown that the fire was probably caused by a cotton-gin engine, and that it was very improbable that it was caused by an engine of the railroad company. Besides, that case was submitted to the jury.        *Judgment reversed.*