## SOUTHERN RAILWAY COMPANY v. BLACK et al.

1. The petition in this case was sufficient to withstand the general and special demurrers.
2. On the trial of a suit to recover of a railroad company damages for the burning of the contents of a warehouse, by reason of the defendant's negligence in not having its engine properly equipped with spark-arresters, etc., and thus setting out the fire, where the defendant sought to show its diligence by evidence tending to prove that its engines were in good condition and were properly equipped, and the testimony for the plaintiffs tended to show that a few days before the burning in question a passing train on defendant's road had started a fire, it was not error to allow one of the plaintiffs, after stating that he passed the point where the fire alleged to have caused the damages occurred and saw an engine switching at this point a short while before the fire, to testify: "I felt anxious about it, because just a few days before that my son had extinguished a fire from a passing train." This statement, taken in connection with its context, and in view of the grounds of objection urged against it, and the purpose for which it was received, was admissible.
3. It was not error for the court to instruct the jury as set out in the second division of the opinion.
4. The verdict was supported by the evidence, and the court did not err in refusing a new trial.

> NOVEMBER 15, 1913.

Action for damages. Before Judge Fite. Whitfield superior court. January 17, 1913.

J. and J. C. Black sued the Southern Railway Company to recover damages for the loss of the contents of a certain warehouse situated in close proximity to the defendant's right of way in the city of Dalton, by fire alleged to have been negligently set out by the defendant. On the trial the plaintiffs obtained a verdict for the value of the property sued for. A motion for a new trial being overruled the defendant excepted on the grounds stated in the

motion for a new trial, as well as to the allowance of certain amendments to the petition, and to the overruling of defendant's demurrer. The allegations of the petition made substantially the following case: The fire was caused by sparks from a certain freight-engine which passed near the plaintiffs' warehouse about noon on the 9th day of April, 1910, which engine was operated in a reckless and wanton manner, the engine puffing and working steam and throwing out sparks and burning cinders in an unusual and extraordinary quantity on the surrounding land and houses, resulting in the destruction of the plaintiffs' warehouse. The engine was defective in that it was not equipped with proper apparatus for arresting sparks and cinders; and this defective condition was due entirely to the negligence of the defendant.

To this petition the defendant demurred generally and specially. The grounds of special demurrer were, that the petition did not set forth in what the defects alleged to exist in the flues and spark-arresters consisted, and no facts were set out upon which to base the allegations of negligence; that it was not alleged in what the recklessness and wantonness of defendant's employees consisted, nor were any facts stated upon which to base such charges of wantonness, recklessness, and negligence; nor what would have been proper apparatus for arresting sparks and cinders, nor how the equipment of the engine failed to meet the standard; nor what the conduct of defendant's employees in charge of the engine was which was characterized as reckless, etc. By amendment the plaintiffs alleged as follows: The openings in the arresting apparatus on the engine before referred to were so large, broken, and worn that they did not prevent sparks, fire, cinders, and live coals from passing through the arrester. Just how wide the meshes and openings should be in standard spark-arresters in general use by railroad companies, or whether they were entirely worn out, petitioners could not say, as they had not seen them; but "they were so large and worn that they did permit cinders, live coals, and sparks to escape and burn petitioners' property." If they had been in proper condition, and properly handled, this would not have been done. The machinery was not up to the standard of that in general use by railroad companies, on account of the defects before set out. The fire did escape and burn petitioners' property, etc. The condition of the spark-arresting apparatus is peculiarly within the knowledge of the

defendant, its servants and employees. The defendant was further negligent in allowing dry grass, briers, weeds, and other trash of a combustible nature to accumulate on its right of way; the grass, briers, and weeds had been cut down on the right of way and allowed to dry thereon; and sparks and cinders from the engine set fire to the grass, etc., which fire was communicated to plaintiffs' warehouse. Defendant's agents were careless in firing the engine at this particular place and causing it to exhaust and throw sparks, live coals, and cinders; because the warehouse and other houses on both sides of the railroad in the town of Dalton were close to the railroad, and dead weeds and other combustible material were on the right of way of the defendant, and the wind was blowing in the direction to take the sparks, cinders, and live coals from the engine to the combustible material and to plaintiffs' property, as well as to the other houses which were burned at the same time. The engineer was negligent in so handling the throttle and other appliances of the engine as to make it exhaust and emit live coals and cinders. The plaintiffs are unable to state just what acts of the engineer and fireman in stirring up the fire at this place were done; but it was entirely unnecessary at this point either to fire or stir up the fire, and said acts are peculiarly known to the defendant's servants and agents. The defendant was further negligent in that the fire-box, ash-pan, and grates, and the other parts of the loco- motive under the fire-box, which the plaintiffs are unable to de- scribe, had cracks and holes in them, by reason of which hot ashes, live coals, and cinders fell through upon the track at the point where the dead weeds and other combustible material extended over and upon the right of way of the railroad to the center of the track and to the plaintiffs' property. Plaintiffs are unable to further state the defective condition of the engine, but it is well known to the defendant and its servants and agents. To the allow- ance of this amendment the defendant excepted on the grounds, that it is too vague, general, and indefinite, in that it does not state in what the defects in the apparatus consisted; and that the charge that the defendant's servants and agents were negligent in the handling of the engine at the time of the fire sets forth no issuable fact.

*Maddox, McCamy & Shumate* and *George G. Glenn,* for plain- tiffs in error. *C. D. & F. K. McCutchen, W. E. Mann,* and *R. R. Arnold,* contra.

HILL, C. J. (After stating the foregoing facts.)   1. This is one of the cases where the defendant can neither "heap coals of fire upon the head" nor cast them upon the property of its neighbor without making reparation in damages therefor.   It was alleged that the acts complained of were carelessly, negligently, and wantonly done, to the consequent injury and damage of the plaintiffs in the sum of $1,843.30. The jury found, in effect, that the defendant was guilty of one or more of the acts of negligence alleged against it, and thus caused the loss and damage to the plaintiffs as claimed; and after a careful review of the whole case, we think the allegations of the petition and the evidence in support thereof were sufficient to authorize the verdict.   It is strenuously insisted that the petition, even as amended, is too indefinite and vague to be the basis of recovery in this case.   But to this we can not agree.   The substance of the petition and of the amendment is set out in the foregoing statement of facts.   We are quite clear that the amendment is not subject to the criticism urged against it.   In the case of *Bittick* v. *Georgia &c. Railway Co.*, 136 *Ga.* 138, 139-140 (70 S. E. 1106), Mr. Justice Lumpkin well and aptly said:   "The presiding judge thought that the allegations in regard to the operation of the engine and the improper use of the exhaust or blower, so as unnecessarily to cause the sparks which set fire to the plaintiffs' property to be thrown out, were insufficient.   In this we can not agree with him.   What were the plaintiffs required to allege? Were they bound to have the knowledge of an expert engineer, and state with minute particularity how the exhaust or blower of the engine ought to have been used, and how it was used?   Were they obliged to know and allege whether the engineer pulled the wrong lever, or whether he pulled it too rapidly or too slowly, or too far, or whether he turned a wrong wheel or crank?   Or to state whether, at the place where the sparks were emitted, he should not have used the exhaust blower at all, or whether he used it excessively?   It will be readily seen that if, by special demurrer, the plaintiffs could be forced to allege exactly the way in which the engineer caused the exhaust or blower to unnecessarily throw out sparks, and would then be confined to the specific allegation made, and held to be unable to recover if such detailed statement were disproved, although in fact the engineer did negligently and improperly operate the blower in some other way so as to unnecessarily cause sparks to be

thrown out upon the plaintiffs' property, an almost impossible burden would be placed upon them."

The rule as to the liability of a railroad company for leaving combustible matter on its right of way is laid down in the case of *Southern Ry. Co.* v. *Thompson,* 129 *Ga.* 367 (58 S. E. 1044). It was there held (8th headnote) : "If the company is wanting in ordinary care in allowing grass, weeds, rotten wood, and other combustible material to accumulate on its right of way, and as a result thereof damage by fire occurs, this would also furnish a ground for holding the company liable." In *Brown* v. *Benson,* 98 *Ga.* 372 (25 S. E. 455), it was held: "There being evidence from which the jury might have inferred that the plaintiffs' woods were burned by a fire originating from sparks which escaped from a locomotive operated by a servant of the defendant, and ignited straw and other combustible material on the railroad right of way, and that the fire thus started burned continuously until it reached the plaintiffs' land, it was error to grant a nonsuit." And see *Georgia Railroad* v. *Lawrence,* 74 *Ga.* 534; 13 Am. & Eng. Enc. Law, 511, 512. From the authorities cited we conclude that the petition set forth a cause of action, and that the amendment to the petition was sufficiently definite to withstand the objection urged against it.

2. Error is assigned because the court allowed one of the plaintiffs to testify (after having testified that he passed the point of the fire and saw an engine switching at this point a short while before the fire) : "I felt anxious about it, because just a few days before that my son had extinguished a fire from a passing train." The ground of objection is that the testimony is immaterial and irrelevant. We think that where the plaintiffs sought to show negligence on the part of the railroad company because of defective equipment of its engine, etc., and the company sought to show its diligence as to such equipment by evidence tending to prove that it was in good condition, the statement, taken in connection with its context, and in view of the objection presented, and the purpose for which it was received, was admissible as explanatory of the conduct of the witness.

3. The court charged the jury as follows: "The defendant company says that it was not negligent; that the fire did not occur in that way, and for that reason it ought not to be required to pay anything as damage, and, further contending, says that if it did,

the company used all ordinary and reasonable care and diligence to prevent the burning, and in no event is it liable for anything to the plaintiff." It is insisted by the defendant that its sole defense was that the fire was not occasioned by its locomotives, and that this charge of the court had the effect of converting "a direct straight-forward issue of fact upon which the defendant relied . . into a vague, uncertain, and unsympathetic 'double-barreled defense' under which defendant could not successfully appeal to a jury." The plaintiffs alleged that the fire was caused by the negligence of the defendant. The paragraphs of the petition charging negligence were denied in toto by the defendant. Evidence tending to show negligence in the equipment of the engine and in its operation was offered by the plaintiffs, and rebutting evidence as to these matters was delivered by employees of the defendant. The issue as to whether the defendant originated the fire, and the issue as to whether it was guilty of negligence if it did, were both involved in the pleadings and the evidence; and there is no merit in the criticism of the extract from the charge above quoted.

4. The fourth ground of the motion for a new trial was not referred to in the brief of counsel for the plaintiff in error, and will not be considered. The remaining assignments of error are without substantial merit. The evidence was sufficient to support the verdict, and the court committed no error in overruling the motion for a new trial.

<em>Judgment affirmed. All the Justices concur.</em>