McLEAN, Respondent, *v.* RICE, Appellant.

(No. 4,828.)

(Submitted May 27, 1922. Decided June 19, 1922.)

[208 Pac. 252.]

*Appeal and Error—Instructions—Submission of Pleadings to Jury—Witnesses—Refreshing Memory from Book of Accounts—When not Permissible.*

Appeal and Error—Instructions—Submission of Pleadings to Jury—When Appellant cannot Complain.

1. While the practice of setting forth in the instructions to the jury a clear and concise statement of the nature of the case and the issues to be determined is the better, yet where the court submitted the pleadings themselves and advised the jury that they could determine the issues from them, appellant will not be heard to complain on the ground that the pleadings contained arguments, statements of evidence, *etc.*, where he had not attacked them by demurrer or motion to strike nor offered an instruction stating the nature of the case and the issues involved.

---

1. Propriety of referring jury to pleadings to determine issues, see note in Ann. Cas. 1912C, 227.

[63 Mont. 556.]

Instructions—When Offer Properly Refused.
   2. Where the charge to the jury covers in substance instructions offered but refused, refusal to give them is not error.

Witnesses—Refreshing Memory from Book of Account—When not Permissible.
   3. Refusal to permit a witness to refresh his memory from a book of accounts was proper, under section 10,664, Revised Codes of 1921, where it appeared that the entries had been copied from other memorandum-books, that he did not know when nor by whom some of them were made, but knew that a portion of them was copied after the dates of the original entries and that some of them might not be exact as to dates.

Same—Questions Framed by Reading from Rejected Book of Accounts—Proper Rejection.
   4. Where a witness was properly denied permission to refresh his memory from books of account (see par. 3 above), the court as properly refused to permit him to answer questions put to him by his counsel, who was reading from the same book in framing them, since a party cannot do indirectly what he cannot do directly.

*Appeals from District Court, Powell County; Geo. B. Winston, Judge.*

ACTION by H. H. McLean against Charles Rice. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Affirmed.

*Messrs. Scharnikow & Blaisdell,* for Appellant, submitted a brief; *Mr. I. R. Blaisdell* argued the cause orally.

*Mr. W. E. Keeley,* for Respondent, submitted a brief and argued the cause orally.

MR. COMMISSIONER LENTZ prepared the opinion for the court.

This is an action to recover the contract price for putting up hay. Defendant answers that plaintiff has been paid in full, and sets up a counterclaim alleging negligence on the part of plaintiff in putting up the hay. The reply puts in issue the allegations of the answer, and attempts to plead an estoppel or a waiver of defendant's right to claim dam-

---

4. On right, for purpose of cross-examination, to inspect paper used by witness to refresh memory, see notes in 9 **Ann. Cas.** 560; 22 **L. R. A.** (n. s.) 706.

ages. · Defendant appeals from an adverse judgment, and
from an order denying his motion for a new trial.

1. The court's instruction No. 1 reads as follows: "The
court submits to the jury herewith the amended com-
plaint, the amended answer, and reply of plaintiff, and instructs
the jury that from a reading of said three pleadings they
will find the issues involved in this case. The pleadings con-
tain merely the allegations of the parties to this action, and
are not of themselves proof of any of the contentions of the
parties; but the affirmative allegations of each of the parties
contained in this pleading, where such allegations are con-
troverted, must be proved by a preponderance of the evidence
on that particular issue."

It is contended that this instruction furnished the jury
with arguments and pleas of evidence contained in the reply
which were prejudicial to defendant.

In *Paxton* v. *Woodward,* 31 Mont. 195, 107 Am. St. Rep.
416, 3 Ann. Cas. 546, 78 Pac. 215, it was said: "While the
jury may be permitted to take with them to the jury-room
the pleadings in the case, and, * * * study the issues for
themselves, the practice of setting forth in the instructions
a clear and concise statement of the nature of the case and
the issues to be determined is to be commended."

Defendant's criticism of this instruction would come with
better grace if he had tendered a succinct statement of the
issues in the form of a preliminary instruction, and his offer
had been refused. (*Melzner* v. *Chicago etc. Ry. Co.,* 51
Mont. 487, 153 Pac. 1019; *Zanos* v. *Great Northern Ry. Co.,*
60 Mont. 17, 198 Pac. 138.) If the pleadings contained argu-
ments, statements of evidence, or were otherwise objection-
able, it was defendant's duty to attack them by appropriate
demurrer or motion to strike. Having failed to so do, and
having failed to offer an appropriate instruction stating the
nature of the case and the issues, he should not now be
heard to complain. (*Paxton* v. *Woodward, supra; Frederick*
v. *Hale,* 42 Mont. 153, 112 Pac. 70; *Rand* v. *Butte Elec. Ry.*

*Co.,* 40 Mont. 398, 107 Pac. 87; *Lynes* v. *Northern Pac. Ry. Co.,* 43 Mont. 317, Ann. Cas. 1912C, 183, 117 Pac. 81; *White* v. *Chicago etc. Ry. Co.,* 49 Mont. 419, 143 Pac. 561.)

2. It is contended that the court erred in refusing to give [2] certain of defendant's offered instructions. The charge given by the court covers, in substance, the refused instructions, and no error was committed in that regard. (*Territory* v. *Pendry,* 9 Mont. 67, 22 Pac. 760; *State* v. *Mahoney,* 24 Mont. 281, 61 Pac. 647.)

3. Counsel argues that the court erred in refusing to [3] allow defendant to refresh his recollection by consulting a book of accounts. Section 10664, Revised Codes of 1921, is as follows: "A witness is allowed to refresh his memory respecting a fact by anything written by himself, or under his direction, at the time when the fact occurred, or immediately thereafter, or at any other time when the fact was fresh in his memory, and he knew that the same was correctly stated in the writing. But in such case the writing must be produced, and may be seen by the adverse party, who may, if he choose, cross-examine the witness upon it, and may read it to the jury. So, also, a witness may testify from such a writing, though he retain no recollection of the particular facts, but such evidence must be received with caution."

This court in *Marron* v. *Great Northern Ry. Co.,* 46 Mont. 593, 129 Pac. 1055, in construing the provisions of that section, held that, before a witness may be permitted to refresh his memory in such a case "these preliminary facts must be made to appear: (a) The entries must have been written by the witness himself or under his direction; (b) they must have been written at the time the facts occurred or at a time when the facts were fresh in the witness' memory; and (c) the witness must have known at the time the entries were made that they correctly stated the facts." Cross-examination of defendant revealed that the entries had been copied from other memorandum-books and writings; that

defendant did not know when, nor by whom, some of it had
been done, though he knew that a portion was copied some
months after the dates of the original entries, and that some
of it might not be exact as to dates. Clearly, the plain re-
quirements of the statute sustain the correctness of the
court's ruling. (*Marron* v. *Great Northern Ry. Co., supra;
Meredith* v. *Roman,* 49 Mont. 204, 141 Pac. 643; *Columbus
State Bank* v. *Erb,* 50 Mont. 442, 147 Pac. 617; *Silver* v.
*Eakins,* 55 Mont. 210, 175 Pac. 876; *Ryan* v. *Dunphy,* 4
Mont. 356, 47 Am. Rep. 355, 5 Pac. 324; *Mutch & Young
Co.* v. *Powers, ante,* p. 437, 207 Pac. 621.)

4. Error is predicated on the action of the court in re-
[4] fusing to allow the defendant to answer the following
questions: "Q. Independent of the book, have you any
recollection of carburetor in 1915, or in any year? Q. I want
to ask you, Mr. Rice, independent of the book at all, do you
know anything about this charge for hay-slings? Q. I want
to ask you in reference to the market price of some veal per
pound that was delivered by you to Mr. McLean in the year
1918? Q. In 1915, we have Mr. McLean charged with springs,
$7. What do you know about that? Q. I wish to ask con-
cerning ring for beam pole."

The record shows that defendant's counsel, while pro-
pounding these questions, was reading from and consulting
the account-book, which the court refused to allow the witness
to use in refreshing his memory. This was an attempt to ac-
complish indirectly what the court properly refused to
allow defendant's counsel to do directly. He was reading the
items himself, and refreshing the witness' recollection by the
form of his questions, which of course could not be per-
mitted. The same reasons which bar its use by the witness
in refreshing his memory likewise, and with equal or greater
force, apply to the attempt of counsel to read from the book
in framing his questions. If either were permitted, it would
open the door to the use of the grossest kind of false and
fraudulent book entries.

After a careful examination of the record in this cause, and the briefs and arguments of counsel, and of defendant's thirteen assignments, we are unable to find any prejudicial error, and we therefore recommend that the judgment and order be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

*Affirmed.*